NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a1032n.06

No. 13-1390

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 17, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CRAIG CLAEYS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| AETNA LIFE INSURANCE CO., UNITED | ) | WESTERN DISTRICT OF MICHIGAN |
| PARCEL SERVICE OF AMERICA, INC., | ) | |
| and UPS RETIRED EMPLOYEE'S | ) | OPINION |
| HEALTH CARE PLAN, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: DAUGHTREY, GIBBONS, and DONALD, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Plaintiff-appellant Craig Claeys appeals the

district court's grant of defendants-appellees United Parcel Service of America, Inc.'s ("UPS"),

Aetna Life Insurance Co.'s ("Aetna"), and the UPS Retired Employees' Health Care Plan's motion

for summary judgment. For the reasons set forth below, we affirm.

**I.**

This case turns primarily on an interpretation of the limitations provision in the UPS Retired

Employees' Health Care Plan. The Plan is a self-funded welfare benefit plan sponsored by UPS and

governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.

Aetna is the Plan's claims administrator.

-1-

The Summary Plan Description ("SPD"), made available to all beneficiaries of the Plan, contains a section outlining what a beneficiary should do if a claim is denied. That section states: "If your claim for any benefits from the Plan is denied, you may have it reviewed in accordance with the following claims review procedures." Immediately following is a section entitled "Appeals Procedures." This section lays out six steps in the review process, including the opportunity for a "First Level Appeal" and culminating in a "Second Level Appeal" with the UPS Claims Review Committee ("the Committee").

In the following section, entitled "Important Information," beneficiaries are informed: "You cannot file suit in federal court until you have exhausted these appeals procedures." Immediately following these instructions is a section entitled "Limitation on Legal Action." This section contains the limitations provision at issue in this suit:

> Any legal action to receive Plan benefits must be filed the earlier of:
>
> - Six Months from the date a determination is made under the Plan or should have been made in accordance with the Plan's claims review procedures, or
> - Three years from the date the service or treatment was provided or the date the claim arose, whichever is earlier.
>
> Your failure to file suit within this time limit results in the loss/waiver of your right to file suit.

On August 14, 2008, Craig Claeys requested coverage for a proposed treatment for his minor son, C.C., a beneficiary under the Plan. In a letter dated September 12, 2008, Aetna concluded that the proposed treatment was not covered by the Plan.

On September 17, 2008, Julie Claeys, C.C.'s mother, filed the Claeys' First Level Appeal. Aetna denied the appeal in a letter dated October 9, 2008. The letter informed the Claeys that they could request a Second Level Appeal.

On November 14, 2008, the Claeys filed a Second Level Appeal. On December 3, 2008, the Committee denied the Claeys' Second Level Appeal. The letter stated that it embodied the Committee's "final decision" and informed the Claeys that they may have "a right to bring a civil action in federal court in accordance with ERISA Section 502(a)."

Following this decision, the Claeys wrote to the Committee asking for reconsideration. In the letter, the Claeys said that this was their final request for benefits "before pursuing with ERISA." The Committee responded with a letter dated January 13, 2009, which stated:

> The Committee made a full and fair review of your appeal in accordance with the claims review procedures established by the Plan, the provisions of the Plan and based on all of the information and documentation submitted. The last paragraph of the letter from the Committee dated December 3, 2008 explains any additional rights you may have with respect to your claim for benefits under the medical plan.

A week later, the Committee sent the Claeys a follow-up letter, which included various correspondence and the SPD.

On March 30, 2009, the Claeys, through counsel, sent a letter in response to the Committee's January 13, 2009 letter reaffirming the Second Level Appeal denial. The letter asked the Committee to reconsider its earlier decision and warned that if coverage was refused, the Claeys would file suit under ERISA.

In a letter dated May 20, 2009,[1] the Committee responded and again reaffirmed its denial of coverage. On July 10, 2009, the Claeys wrote a letter to Allen Hill, whom the Claeys assert was the UPS Senior Vice President, General Counsel, and Corporate Secretary, asking Hill to review the case. The request was forwarded to the Committee, which replied by letter on August 4, 2009, again denying the Claeys' request.

Claeys filed the instant suit on February 3, 2010, under section 502 of ERISA, 29 U.S.C. § 1132, and federal common law for breach of the terms of an employee welfare benefit plan and breach of fiduciary duties related to the administration of a plan. That filing was within three years of the date his claim arose, although not within six months of the December 2008 Second Level Appeal denial. Appellees moved to dismiss under Rule 12(b)(6) on the basis of the Plan's limitations period. Because appellees filed documents supporting their factual claims which controverted the facts pled in Claeys's complaint the district court converted appellees' motion to a motion for summary judgment.

In his response, Claeys argued that his suit was not time-barred because, in effect, the Committee's responses following the Second Level Appeal decision, including the August 4, 2009 correspondence, constituted a "determination" and therefore his suit was filed within the six-month limitations period. He also argued that the limitations period should be tolled because he never saw the limitations provision set forth in the Plan and, in any event, even if he had seen it, the language was so confusing that he would not have known when to file suit. The district court awarded

---

[1]This letter references correspondence from the attorney dated April 27, 2009, but the record does not contain any letter from this attorney to the Committee on that date.

summary judgment to appellees, holding that Claeys's claims were time-barred and that equitable tolling did not apply. Claeys timely appealed.

## II.

Having thoroughly reviewed the record, the parties' briefs, and the applicable law, we are persuaded that the district court's grant of appellees motion for summary judgment was proper for the reasons stated in the district court's well-reasoned opinion. We therefore adopt that opinion and affirm its judgment.